ADAM GORDON
United States Attorney
MICHAEL D. WALLACE
Assistant United States Attorney
Maryland 9912160256
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: 619-546-8714
Email: michael.wallace4@usdoj.gov

Attorneys for Respondents

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ANTONIO AVILES PEREZ,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | Case No.: 26-cv-4706-JO-DEB<br>**RESPONSE TO PETITION** |

Petitioner has filed a habeas petition under 28 U.S.C. § 2241. On July 30, 2026, the Ninth Circuit held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, --- F.4th --- (9th Cir. July 30, 2026). As Petitioner is an unadmitted alien present in the interior of the United States, Petitioner is subject to detention under 8 U.S.C. § 1226(a).[1]

[1] Petitioner also appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Under § 1226(a), the government may detain an alien during his removal proceedings, release him on bond, or release him on conditional parole. By regulation, immigration officers can release aliens upon the alien demonstrating that he "would not pose a danger to property or persons" and "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). An alien can also request a custody redetermination (i.e., a bond hearing) by an immigration judge at any time before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19.

Here, as Petitioner is subject to detention under 8 U.S.C. § 1226(a), Petitioner is able to request a bond hearing before an immigration judge. DHS has scheduled a bond hearing for Petitioner on September 25, 2026. Accordingly, Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and is receiving the relief to which he is entitled. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) (finding procedures under § 1226(a) satisfy due process).

Respondents respectfully assert that the petition is moot. The Constitution limits federal judicial power to designated "cases" and "controversies." U.S. Const., art. III, § 2; *see also SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) (federal courts may only entertain matters that present a "case" or "controversy" within the meaning of Article III). "Absent a real and immediate threat of future injury there can be no case or controversy, and thus no Article III standing for a party seeking injunctive relief." *Wilson v. Brown*, No. 05-cv-1774-BAS-MDD, 2015 WL 8515412, at *3 (S.D. Cal. Dec. 11, 2015) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[I]n a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending.") (simplified)). As Petitioner is receiving the relief he is entitled to, there is no further controversy for this Court to resolve.

Moreover, as Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a), he

must exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals before seeking relief before this Court. The Ninth Circuit requires that "habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *see also Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (issue exhaustion is a jurisdictional requirement); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

Accordingly, Respondents respectfully request that the petition be denied. Alternatively, Respondents respectfully request that the Court stay this matter until the hearing concludes and Respondents have an opportunity to apprise the Court on the outcome of the hearing.

DATED: August 26, 2026

ADAM GORDON
United States Attorney

*s/ Michael D. Wallace*
MICHAEL D. WALLACE
Assistant United States Attorney